UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TERRANCE LAURENT DUNNAVANT,

Plaintiff,

v.

NEVADA COMMERCIAL SERVICES, INC.,

Defendant.

Case No. 3:25-cv-00718-ART-CLB

**ORDER ON R&R**

(ECF No. 7)

*Pro se* plaintiff Terrance Laurent Dunnavant brings this action against his landlord Nevada Commercial Services for housing discrimination among other claims. (ECF No. 1-1.) Mr. Dunnavant filed an application to proceed *in forma pauperis* ("IFP"), which Judge Baldwin recommended denying for his failure to show that payment of the filing fee would prevent him from providing himself with the necessities of life. (ECF No. 7.) In response, Mr. Dunnavant submitted supplemental information regarding his income and expenses. (ECF No. 8.) The Court now grants Mr. Dunnavant's application to proceed IFP, overruling the Report and Recommendation ("R&R").

## I.    LEGAL STANDARD

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v.*

1

*Arn*, 474 U.S. 140, 149 (1985). Mr. Dunnavant objected to the R&R. (ECF No. 8.) Therefore, the Court reviews the R&R *de novo.*

**II.    DISCUSSION**

Conducting *de novo* review of Judge Baldwin's R&R and taking Mr. Dunnavant's newly submitted financial information   into account, the Court grants his application to proceed IFP. Pursuant to 28 U.S.C. § 1915(a), a plaintiff may commence an action without paying the filing fees where he submits an affidavit stating that he lacks sufficient funds and where his suit is not frivolous or malicious. *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir.1984). An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). A plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981) (internal quotation marks omitted).

Although the IFP statute does not define what level of poverty will entitle a plaintiff to waive the filing fee, it has long been clear that "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). The Ninth Circuit has suggested that where a filing fee constitutes more than thirteen percent of monthly household income, a district court order rejecting that IFP application would be upheld on appellate review but "stand at the outer boundary of stringency." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (2015). On the other end of the spectrum, a non-incarcerated plaintiff who had properly applied to proceed IFP could not be expected to pay a filing fee constituting twenty percent of monthly income. *See id.*

Taking the supplemental information into account, Mr. Dunnavant's IFP application appears to pass the Ninth Circuit's benchmark figures. At the time

when Mr. Dunnavant submitted his supplemental filing and objection to Judge Baldwin's R&R, his income consisted of short-term disability benefits of approximately $597.72 per week, or about $2,561.66 in a thirty-day month. (ECF Nos. 8, 8-10.) His expenses for rent, utilities, and a loan repayment figured at approximately $1,921.02 per month. (ECF Nos. 8, 8-5, 8-6.) A filing fee of $405 would therefore constitute about sixteen percent of Mr. Dunnavant's monthly income, or most of what he normally would have left over to spend on food and medical care. Mr. Dunnavant's financial instability also weighs in favor of granting IFP status. Mr. Dunnavant's short-term disability benefits are contingent on successful renewal, and is defending an eviction action in state court. Considering that the filing fee is greater than thirteen percent of his monthly income, and that his financial situation is delicate, it appears that the filing fee does affect his ability to afford the necessities of life, and his application should therefore be granted. *Adkins*, 335 U.S. at 339.

### III.    CONCLUSION

It is hereby ordered that Plaintiff's application to proceed *in forma pauperis* is GRANTED. (ECF No. 1.)

It is further ordered the Report and Recommendation recommending denial of the IFP application is NOT ADOPTED. (ECF No. 7.)

DATED: May 28, 2026

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE